UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

COVENANT ROOFING AND CONSTRUCTION, INC.,

    Debtor.

CASE NO. 23-00999-5-JNC
CHAPTER 7

JAMES B. ANGELL, CHAPTER 7 TRUSTEE FOR COVENANT ROOFING AND CONSTRUCTION, INC.,

    Plaintiff,

ADV. PRO. NO. 25- 00066-5-JNC

V.

SHOPIFY INC. and SHOPIFY (USA) INC.,

    Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants Shopify Inc.("Shopify") and Shopify (USA) Inc. ("Shopify (USA)" with Shopify the "Defendants"), by and through their undersigned counsel, K&L Gates LLP, hereby respectfully submit their Answer and Affirmative Defenses to the Complaint (the "Complaint") [E.C.F. No. 1] brought by James B. Angell, solely in his capacity as Chapter 7 Trustee ("Plaintiff" or "Trustee") of the estate of Covenant Roofing and Construction, Inc. ("Debtor").

## GENERAL DENIALS

Except as expressly stated herein, the Defendants deny each and every allegation and statement made in the headings and subheadings of the Complaint, which are reproduced below for reference only and not as admission of any of the allegations or statements made therein. In response to the numbered allegations in the Complaint, the Defendants state as follows:

## INTRODUCTION AND NATURE OF ACTION

1. Defendants admit the Trustee has commenced this adversary proceeding and deny any remaining allegations or conclusions in paragraph 1 of the Amended Complaint.

## JURISDICTION, AUTHORITY, AND VENUE

2. Defendants admit this is a core proceeding under the Code, but deny allegations and conclusions in paragraph 2.

3. Paragraph 3 sets forth Plaintiff's consent to entry of final orders and judgments. To the extent that a response may be required, the Defendants deny the allegations and conclusions set forth in paragraph 3.

4. The allegations in paragraph 4 call for legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the same.

5. Shopify (USA) conducts business operations in North Carolina. Shopify does not reside or regularly conduct business operations in North Carolina. The remaining allegations in paragraph 5 call for legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the same.

6. The Defendants deny the allegations and conclusions in paragraph 6.

## IDENTIFICATION OF THE PARTIES

7. The Defendants admit the allegations in paragraph 7.

8. The Defendants admit the allegations in paragraph 8.

9. Defendants admit Shopify is a Canadian corporation. The remaining allegations in paragraph 9 call for legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the same.

10. The allegations in paragraph 10 call for legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the same.

11. Defendants admit Shopify (USA) is a Delaware corporation. The remaining allegations in

paragraph 11 call for legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the same.

12. Defendants admit the allegations in paragraph 12.

## FACTUAL ALLEGATIONS

13. Defendants admit the allegations in paragraph 13.

14. Defendants admit the allegations in paragraph 14.

15. Defendants do not have sufficient information or knowledge to admit or deny the allegations in paragraph 15, and therefore deny these allegations.[1]

16. Defendants do not have sufficient information or knowledge to admit or deny the allegations in paragraph 16, and therefore deny these allegations.[2]

17. Shopify (USA) denies the allegations paragraph 17. Shopify does not have sufficient information or knowledge to admit or deny the allegations in paragraph 17, and therefore denies these allegations.[3] Defendants further note that Shopify (USA) is an indirect subsidiary of Shopify. Shopify (USA) does not contract with third-party customers, such as Shopify's merchants, to supply services, supplies, materials, goods, and/or incur obligations with third-party customers. Instead, Shopify (USA) solely provides support services directly to Shopify and other entities controlled by Shopify.

18. Shopify (USA) denies the allegations in paragraph 18. Shopify does not have sufficient information or knowledge to admit or deny the allegations in paragraph 18, and therefore denies these allegations.[4]

19. The Defendants admit the Debtor filed the Official Form 206 and Statement of Financial Affairs; however, Defendants do not have sufficient information or knowledge to admit or deny the

---

[1] The Defendants do not have any account records with the Debtor's name and have informally requested additional information from the Trustee's counsel; however, as of the date of this filing, the Trustee has not provided the requested information.
[2] The Defendants do not have any account records with the Debtor's name and have informally requested additional information from the Trustee's counsel; however, as of the date of this filing, the Trustee has not provided the requested information.
[3] The Defendants do not have any account records with the Debtor's name and have informally requested additional information from the Trustee's counsel; however, as of the date of this filing, the Trustee has not provided the requested information.
[4] The Defendants do not have any account records with the Debtor's name and have informally requested additional information from the Trustee's counsel; however, as of the date of this filing, the Trustee has not provided the requested information.

remaining allegations in paragraph 19, and therefore deny these allegations.[5]

20. Defendants do not have sufficient information or knowledge to admit or deny the allegations in paragraph 20, and therefore deny these allegations.

21. Defendants do not have sufficient information or knowledge to admit or deny the allegations in paragraph 21, and therefore deny these allegations.

22. Paragraph 22 calls for legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the same.

23. Paragraph 23 calls for legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the same.

24. Paragraph 24 calls for legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the same.

25. Defendants admit the Trustee is seeking avoidance and recovery of the alleged Transfers to the Defendants; however, Defendants do not have sufficient information or knowledge to admit or deny the remaining allegations in paragraph 25, and therefore deny these allegations.

## FIRST CLAIM FOR RELIEF
### Avoidance of Preferential Transfers [11 U.S.C.§547(b)]

26. Defendants repeat and reassert their responses to the allegations in paragraphs 1 through 25 above as if fully set forth herein.

27. Defendants deny the allegations in paragraph 27.

28. Paragraph 28 calls for legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the same.

29. Defendants deny the allegations in paragraph 29.

30. Paragraph 30 calls for legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the same.

---

[5] The Defendants do not have any account records with the Debtor's name and have informally requested additional information from the Trustee's counsel; however, as of the date of this filing, the Trustee has not provided the requested information.

31. Defendants deny the allegations in paragraph 31.

32. Defendants deny the allegations in paragraph 32.

33. Defendants deny the allegations in paragraph 33.

34. Defendants deny the allegations in paragraph 34.

35. Paragraph 35 calls for legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the same.

36. Paragraph 36 calls for legal conclusions to which no response is required. To the extent that a response is required, Defendants acknowledge that the Voluntary Petition, Schedules, and Statement of Financial Affairs list the Debtors' alleged total assets and liabilities as of the Petition Date; however, the Defendants deny the remaining allegations.

37. Paragraph 37 calls for legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the same.

38. Paragraph 38 calls for legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the same.

39. Paragraph 39 calls for legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the same.

40. Paragraph 40 calls for legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the same.

41. Paragraph 41 calls for legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the same.

**SECOND CLAIM FOR RELIEF**
*In the Alternative* -Avoidance of Constructively Fraudulent Transfers
**[11 U.S.C. §§544 and 548; N.C.G.S. §39-23.1 *et seq.*]**

42. Defendants repeat and reassert their responses to the allegations in paragraphs 1 through 41 above as if fully set forth herein.

43. The Defendants deny the allegation in paragraph 43.

44. Paragraph 44 calls for legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the same.

45. Paragraph 45 calls for legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the same.

46. Paragraph 46 calls for legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the same.

47. Paragraph 47 calls for legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the same.

48. Defendants do not have sufficient information or knowledge to admit or deny the allegations in paragraph 48, and therefore deny these allegations.

49. Paragraph 49 calls for legal conclusions to which no response is required. To the extent that a response is required, Defendants acknowledge that the Voluntary Petition, Schedules, and Statement of Financial Affairs list the Debtors' alleged total assets and liabilities as of the Petition Date; however, the Defendants deny the remaining allegations.

50. Defendants do not have sufficient information or knowledge to admit or deny the allegations in paragraph 50, and therefore deny these allegations.

51. Defendants do not have sufficient information or knowledge to admit or deny the allegations in paragraph 51, and therefore deny these allegations.

52. Defendants do not have sufficient information or knowledge to admit or deny the allegations in paragraph 52, and therefore deny these allegations.

53. Defendants do not have sufficient information or knowledge to admit or deny the allegations in paragraph 53, and therefore deny these allegations.

54. Paragraph 54 calls for legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the same.

55. Paragraph 55 calls for legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the same.

### THIRD CLAIM FOR RELIEF
**Recovery and Preservation of Avoided Transfers for the Benefit of the Estate [11 U.S.C. §550]**

56. Defendants repeat and reassert their responses to the allegations in paragraphs 1 through 55 above as if fully set forth herein.

57. Defendants do not have sufficient information or knowledge to admit or deny the allegations in paragraph 57, and therefore deny these allegations.[6]

58. Paragraph 58 calls for legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the same.

### PRAYER FOR RELIEF

WHEREFORE, the Defendants deny the Trustee is entitled to the relief sought, and demand judgment in their favor and further relief as this Court deems appropriate.

### AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with Counterclaim Plaintiffs, Counterclaim Defendants plead the following affirmative defenses:

**First Affirmative Defense**

The relief requested in the Complaint should be denied in whole or in part because the transfers referenced in the Complaint are protected from avoidance by 11 U.S.C. § 547(c)(2), in that such transfers were in payment of a debt incurred in the ordinary course of business and/or financial affairs of the Debtor and the Defendants, and made in the ordinary course of business or financial affairs of the Debtor, or made according to ordinary business terms.

**Second Affirmative Defense**

The relief requested in the Complaint should be denied in whole or in part because the transfers

---

[6] The Defendants do not have any account records with the Debtor's name and have informally requested additional information from the Trustee's counsel; however, as of the date of this filing, the Trustee has not provided the requested information.

referenced in the Complaint are protected from avoidance by 11 U.S.C. § 547(c)(1), in that such transfers constitute a contemporaneous exchange for new value.

### Third Affirmative Defense

To the extent the Debtors transferred any interest in property to or for the benefit of the Defendants during the preference period, many of such transfers were made for new value given to or for the benefit of the Debtor, not secured by an otherwise unavoidable security interest, and on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of such transferee. 11 U.S.C. § 547 (c)(4).

### Fourth Affirmative Defense

The Trustee has failed to state any claim against the Defendants because he has not plead which of the Defendants received which Transfer or any basis for why the Defendants would be jointly and severally liable for the Transfers.

### RESERVATION OF RIGHTS

The Defendants reserve the right to add to, detract and/or amend their affirmative defenses as discovery warrants.

**K&L GATES LLP**

*/s/ John R. Gardner*
John R. Gardner
301Hillsborough Street
Suite 1200
Raleigh, NC 27603
John.Gardner@klgates.com

*Attorney for Defendants*